## No. 12,930.

STATE EX REL WALTER SEATON VS. NEW ORLEANS AND CARROLLTON
RAILROAD COMPANY.

51  909
d114 327

### SYLLABUS.

1. Action by *mandamus* to compel delivery of certificates of stock to alleged· owner.
2. Resisted because former certificate by predecessor company, in lieu of which· the certificate claimed was issued, is not produced and surrendered for can· cellation.
3. Willingness expressed, however, to deliver if security is given to indemnify against appearance of old certificate.
4. HELD : Not a case for the application of that part of C. C. 2279 which authorizes the court, "in case circumstances render it necessary," to order security.
5. HELD, further, That respondent company may with safety deliver up the· certificate without security.

A PPEAL from the Civil District Court for the Parish of Orleans.
—*King, J.*

*W. B. Sommerville* for Relator, Appellee.

*Dart & Kernan* for Respondent, Appellant.

Submitted on briefs February 21, 1899.
Opinion handed down April 3, 1899.

The opinion of the court was delivered by

BLANCHARD, J.   The single question presented is whether, under the facts disclosed by the record, the relator is entitled to obtain possession of certificate No. 134 for forty-one shares of the capital stock of

the respondent company, which certificate was duly executed to him, or in his name, by respondent on the 10th of February, 1883, but never delivered to him.

Since that date it has remained in the possession of respondent company, though the dividends on the stock have been regularly paid all these years to the relator.

The reason averred by respondent for non-delivery of the certificate is that relator could not produce and deliver for cancellation Certificate No. 1537, for a like number of shares of stock, which had been issued by the former New Orleans and Carrollton Railroad Company.

Relator could not produce and surrender the Certificate No. 1537, aforesaid, because, he says, the same was destroyed by fire in 1882.

The present New Orleans and Carrollton Railroad Company, respondent herein, is the successor of the former corporation of that name. The charter of the latter (the old company) expired in 1883, and, thereafter, all its rights, assets, property, etc., became vested in the new corporation, organized in 1882, which continued the business of the old.

The relator was, at the time of this transfer, the owner of certificate No. 1537 in the old company, and under the convention between the two corporations by which the new absorbed the old and became its successor, he was entitled to the same number of shares in the new that he held in the old corporation.

Before, however, he could demand the delivery to him of his stock in the new company, he was required to surrender for cancellation his stock in the old company.

As he could not do this, the new company retained possession of his stock, though recognizing him as the owner thereof.

If at any time he had produced and surrendered the certificate issued by the old company, the new company would have delivered the certificate issued by it to replace the former.

This condition of affairs has continued from 1882 down to this time.

In 1898, relator advertised in the public press the loss of Certificate No. 1537, and through the same medium gave notice that application had been made for a new certificate.

It appears from the evidence that no other than relator has ever appeared as claimant of the certificate of stock; no one has ever demanded payment of dividends; no one has ever given notice of possession or ownership of the certificate issued by the former company,

FIFTY-FIRST ANNUAL REPORTS, 1899.          911

State ex rel. Seaton vs. N. O. & Carrollton R. R. Co.

nor that held by the present company in the name of relator.   Sixteen or seventeen years have now elapsed since the organization of the present respondent corporation, since the alleged destruction by fire of Certificate No. 1537 of the old company, since the execution in the name of relator of Certificate No. 134 of the present company.

Surely, if there existed outstanding, valid, adverse rights to those claimed by relator, the same would ere this have been asserted.

To the proceeding by *mandamus* to compel delivery of the certificate, respondent company admits it stands on its books in his name, that it was issued in his name, and that the company has possession of it. It claims, however, it cannot safely surrender the certificate until return is made of the old certificate; that it does not know the old certificate is lost or destroyed; and that in any event it is entitled to security against the appearance of the old certificate in the hands of innocent third holders.

The judgment below directed the delivery of the certificate to relator. The trial judge did not consider that the circumstances justified the demand of respondent for security. The latter appeals.

It is apparent that the respondent company believes the relator to be entitled to the certificate, but, through abundant caution, looking to its own safety in the premises, wants either security holding it harmless against the possible reappearance of the old certificate, or else the judgment of the court that it may with safety deliver it up without security. It is taking no chances. It is evidently acting upon wise and prudent counsel.

Like our brother of the District Court we do not think this a case for the application of that part of C. C. 2279, which authorizes the court, "in case circumstances render it necessary," to order security to be given to indemnify against the appearance of the missing certificate.

We consider its destruction by fire reasonably established. But if not destroyed, the fact remains it was issued in the name of relator; he testifies he never parted with its ownership; that it was never indorsed by him in blank, or otherwise, for pledge or transfer; and it is certain that no demand from any one has been made in all the sixteen years for transfer on the books to another claiming rights adverse to those set up by him.

If any third person holds the missing certificate he has slept on his rights, and after this long lapse of time would hardly be listened to

State ex rel. Hart vs. City, et al.

in a court of justice to assert rights of ownership or pledge antagonistic to those claimed herein.

Judgment affirmed.

Mr. Justice Monroe takes no part, as he was not a member of the court when this case was heard.